1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Herlinda Guadalupe Verdugo,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:24-cv-00571-JLT-GSA <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO AFFIRM THE COMMISSIONER'S DECISION, AND TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITYAND AGAINST PLAINTIFF** <br><br> **(Doc. 11, 13)** |

### I.    Introduction

Plaintiff Herlinda Guadalupe Verdugo seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits (DIB) and supplemental security income pursuant to Titles II and XVI of the Social Security Act.[2]

### II.    Factual and Procedural Background

Plaintiff applied for benefits on September 14, 2021, alleging disability as of March 31, 2020.  AR 308, 315.  The Commissioner denied the applications initially on November 9, 2021, and on reconsideration on March 11, 2022.  AR 119–20; 163–64.  The ALJ held a hearing on April 28, 2023.  AR 37–64.  The ALJ issued an unfavorable decision on September 15, 2023.  AR 18–36.  The Appeals Council denied review on March 13, 2024 (AR 1–6) and this appeal followed.

### III.    The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.    "This court may set aside the

---

[1] The case caption of the cover page of the Administrative Record references a different claimant and different case number, followed by another cover page with the correct claimant's name and case number.  This appears to be inadvertent and subsequent references are to the correct claimant.  *See* ECF No. 10.

[2] The parties did not consent to the jurisdiction of a United States Magistrate Judge.  Doc. 7.

1

Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability; 2- whether the claimant had medically

2

determinable "severe impairments"; 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; 4- whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work; and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level.  20 C.F.R. § 416.920(a)-(f).  While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience.  *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## IV.    The ALJ's Decision

At step one the ALJ found that Plaintiff <u>did</u> engage in substantial gainful activity from 2020 to 2022, but that there was a contiguous period of at least 12 months during which Plaintiff did <u>not</u> engage in substantial gainful activity.  AR 19.

At step two the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, anxiety disorder, and depression.  AR 24.

At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 24–26.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) with the following limitations:

> the claimant can frequently climb ramps and stairs.  The claimant can occasionally climb ladders, ropes, or scaffolds.  The claimant can frequently stoop, kneel, crouch, or crawl.  The claimant needs to avoid frequent exposure to non-weather-related cold temperatures.  The claimant needs to avoid frequent exposure to vibration such as a shaking object or surface.  The claimant is limited to <u>simple, routine tasks with only occasional interaction with the public and only occasional interaction with coworkers</u>.  AR 26 (emphasis added).

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a farm worker II.  AR 29.  At step five, in reliance on the Vocational Expert's testimony, the ALJ found that considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform

the following jobs existing in significant numbers in the national economy: sweeper and crate liner. AR 29–30. Accordingly, the ALJ concluded that Plaintiff was not disabled since her alleged disability onset date of March 31, 2020.  AR 30.

## V.    Issues Presented

Plaintiff asserts two claims of error: **1-** the ALJ's RFC determination is unsupported by substantial evidence as he failed to explain the discrepancy between the opinion evidence regarding Plaintiff's impairments he found persuasive and the RFC in accordance with the regulations; **2-** The ALJ's RFC determination is unsupported by substantial evidence as he failed to properly evaluate the medical opinions of record in accordance with the prevailing rules and regulations. MSJ at 3, ECF No. 11.  The first argument relates to the opinions concerning Plaintiff's mental limitations, whereas the latter relates to the opinions concerning Plaintiff's physical limitations.

### A.    Applicable Law

Before proceeding to steps four and five, the ALJ determines the claimant's residual functional capacity (RFC) which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. § 416.945(a)(1).  The RFC must consider all of the claimant's impairments, severe or not.  20 C.F.R. §§ 416.920(e), 416.945(a)(2). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For applications filed on or after March 27, 2017, the new regulations eliminate a hierarchy of medical opinions and provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."  20 C.F.R. § 404.1520c(a).  Rather, when evaluating any medical opinion, the regulations provide that the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization and other factors.  20 C.F.R. § 404.1520c(c).

Supportability and consistency are the two most important factors, and the agency will articulate how the factors of supportability and consistency are considered. *Id.* "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 2022 WL 1195334, (9th Cir. Apr. 22, 2022) at \*6.

With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Regarding "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

### B.   Analysis

#### 1.   Mental RFC

Drs. Montgomery and Kresser, the State agency psychological consultants who reviewed Plaintiff's medical file at the initial and reconsideration levels, opined in relevant part that Plaintiff could make simple work like decisions and interact with supervisors and coworkers in order to complete required duties, but without frequent public interaction. AR 95–96, 114–15, 137–38, 158–59.

The ALJ found these opinions persuasive, supported, and consistent with the medical evidence. AR 28. Plaintiff contends that the ALJ nevertheless failed to incorporate these limitations into the RFC and did so without explanation. MSJ at 5–7 (citing AR 28).

Plaintiff's argument is not persuasive as an RFC need not mirror any particular opinion,

rather it is an assessment formulated by the ALJ based on all relevant evidence. *See* 20 C.F.R. §§ 404.1545(a)(3). Granted, "If the RFC assessment underline conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8P (emphasis added). However, it does not follow that the ALJ must transcribe the contents of those opinions verbatim, even if the ALJ credits them as persuasive. Here, the RFC does not conflict with the medical opinions in question. Relevantly, the RFC provides that the claimant is limited to "simple, routine tasks with only occasional interaction with the public and only occasional interaction with coworkers." AR 26.

Plaintiff further contends that "Here, the ALJ did not provide any rationale to support the decision to not include limitations to simple decisions or provide any limitations on Plaintiff's ability to deal with coworkers." MSJ at 6 (emphasis added).

First, the RFC does indeed provide limitations on Plaintiff's ability to deal with coworkers in that it specifies "only occasional interaction with coworkers." AR 26. Thus, Plaintiff's point is not clear. Second, Plaintiff does not explain how the distinction between simple "tasks" (as stated in the ALJ's RFC), and simple "decisions" (as stated in the doctors' opinions) is material. It is not self-evident that the distinction is meaningful, particularly as it relates to the unskilled jobs at issue: sweeper and crate liner. And, to the extent Plaintiff's argument may be suggesting that these jobs may require complex decision making despite only involving simple tasks, such is not persuasive.

Lastly, Plaintiff contends that "It is clear on its face that the RFC does not include a limitation to simple decisions or only interacting with supervisors in relation to work duties." MSJ at 6 (emphasis added). Plaintiff added the word "only" in an effort as to frame the doctors' statement as a limitation, but the doctors did not use that word. For context, the applicable section on the RFC form instructed the reviewing doctors to "Explain in narrative form the social interaction capacities and/or limitations." AR 96 (emphasis added). The doctors stated as follows:

Claimant has been dx'ed with Borderline Personality Disorder and <u>could interact appropriately</u> with supervisors and coworkers in order to complete required duties, <u>but would be less comfortable</u> in situations requiring frequent social contact with the public.  AR 96 (emphasis added).

Thus, as instructed, the doctors described Plaintiff's <u>social capacities</u> as "could interact appropriately with supervisors and coworkers in order to complete required duties," and described Plaintiff's <u>social limitations</u> as "would be less comfortable in situations requiring frequent social contact with the public."  AR 96, 115, 138.   Thus, the ALJ's RFC captured the only social interaction limitation the doctors identified by providing no more than occasional contact with the public.  AR 26.

## 2.   **Physical RFC**

Plaintiff contends the ALJ failed to appropriately assess the opinions of the state agency medical consultants who opined that Plaintiff was capable of a reduced range of light work, whereas the ALJ found Plaintiff capable of medium exertional work. AR 92–93, 111–12, 133–34, 154–55.

Plaintiff explains that "In formulating an RFC, an ALJ cannot interpret raw medical data." <u>Howell</u>, 2022 WL 2759090, at *7 (citing <u>Day</u>, 522 F.2d at 1156 (the ALJ was not qualified as a medical expert and therefore could not permissibly go outside the record to consult medical textbooks for the purpose of making his own assessment of the claimant's physical condition); <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, ..., the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the determination."); Manso–Pizarro, 76 F.3d at 17; Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.")).

Plaintiff contends that the ALJ violated these principles by rejecting the opinions "on the basis of findings of normal range of motion of the spine, muscle strength, and gait (Ar. 28)" despite the doctors' consideration of the same evidence.  MSJ at 8.  However, Plaintiff identifies no

persuasive or controlling authority for the proposition that an ALJ is unqualified to interpret physical examination findings regarding normal range of motion, strength, and gait, and to translate those findings into the RFC.  Uncomplicated findings as these are not on par with caselaw that concerns the interpretation of "raw medical data," imaging findings, or the consulting of medical textbooks.  Put simply, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC," which the ALJ did here.  *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015).

In sum, Plaintiff establishes no error with respect to the ALJ's interpretation, incorporation, or rejection of any opinions concerning Plaintiff's mental or physical functionality.

## VI.    Recommendations

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled.  Accordingly, the recommendation is as follows:

1.    That Plaintiff's motion for summary judgment (Doc. 11) be **DENIED.**

2.    That Defendant's cross-motion (Doc. 13) be **GRANTED.**

3.    That the decision of the Commissioner of Social Security be **AFFIRMED**.

4.    That the Court Clerk of Court be directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff.

## VII.    Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

8

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **May 12, 2025**                         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE