**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Herlinda Guadalupe Verdugo,<br><br>                    Plaintiff,<br><br>        v.<br><br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 1:24-cv-00571-JLT-GSA<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S REQUEST TO AFFIRM; AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AGAINST PLAINTIFF<br><br>(Docs. 11, 13, 14) |

Herlinda Guadalupe Verdugo seeks judicial review of a final decision denying her applications for benefits under the Social Security Act. (*See* Docs. 1, 11.) Plaintiff contends the administrative law judge failed to explain discrepancies between Plaintiff's residual functional capacity and the opinion evidence the ALJ found persuasive. (Doc. 11 at 3.) Plaintiff also contends the ALJ failed to properly evaluate medical opinions. (*Id.*) Plaintiff requests the Court remand the matter for further proceedings. (*Id*. at 8.)

The assigned magistrate judge determined the administrative law judge did not err in the evaluation of the medical opinions and found that substantial evidence and applicable law supported the ALJ's decision. (Doc. 14.) Therefore, the magistrate judge recommended Plaintiff's motion for summary judgment be denied and Defendant's request to affirm the agency's determination be granted. (*Id.*)

The Court served the Findings and Recommendations and notified the parties that any objections were due within 14 days.  (Doc. 14 at 8)  The Court advised the parties that the failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Plaintiff filed objections on May 27, 2025.  (Doc. 15.)  According to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of the case.

Plaintiff contends first that the Magistrate Judge erred in finding that Plaintiff's RFC did not conflict with the opinions of state agency consultants.  (Doc. 15 at 2.)  Those consultants offered the following relevant opinions:

(1)    "Claimant can concentrate and persist with simple, routine tasks that do not require a great deal of social interaction.  She can maintain an ordinary routine, and she can make simple work like decisions." (AR 95.[1])

(2)    "Claimant has been [diagnosed] with Borderline Personality Disorder and could interact appropriately with supervisors and coworkers in order to complete required duties, but would be less comfortable in situations requiring frequent social contact with the public."  (AR 96.)

The ALJ included the following relevant limitations in Plaintiff's RFC:  "The claimant is limited to simple, routine tasks with only occasional interaction with the public and only occasional interaction with coworkers."  (AR 26.)

As the Magistrate Judge explained, the consultants' opinions are consistent with the Plaintiff's RFC.  The limitation to "simple, routine tasks" is consistent with the consultants' opinions that Plaintiff "can concentrate and persist with simple, routine tasks" and "can make simple work like decisions."  The limitation to "only occasional interaction with the public" is consistent with the consultants' opinions that Plaintiff can perform tasks "that do not require a great deal of social interaction" and "would be less comfortable in situations requiring frequent

---

[1]  Citations in this format refer to the page numbers on the bottom right in the administrative record filed at Docs. 10-1 and 10-2.  As the magistrate judge noted, the opinions quoted here are also found on pages 95–96, 114–15, 137–38, and 158–59 of the administrative record.

social contact with the public."  The limitation to "only occasional interaction with coworkers" is consistent with the consultants' opinions that Plaintiff "could interact appropriately with supervisors and coworkers in order to complete required duties."

Plaintiff also argues the Magistrate Judge erred in finding that the consultants "did not opine that Plaintiff had any limitations on her ability to interact with supervisors." (Doc. 15 at 2.) The magistrate judge assessed the record accurately.  The consultants opined that Plaintiff "could interact appropriately with supervisors and coworkers in order to complete required duties," i.e., "simple, routine tasks that do not require a great deal of social interaction" requiring only "simple work like decisions." (AR 95–96.)  In other words, when it came to "simple routine tasks that do not require a great deal of social interaction" and involved only "simple work like decisions," the consultants found Plaintiff "could" interact appropriately with her supervisors. (*Id.*)

Plaintiff's remaining objections, which relate to her physical limitations, incorporate the arguments in her opening brief. (Doc. 15 at 3.)  As the Magistrate Judge explained, Plaintiff cites no authority suggesting an ALJ "is unqualified to interpret physical examination findings regarding normal range of motion, strength, and gait, and to translate those findings into the RFC." (Doc. 14 at 8.)  The ALJ applied the proper legal standards, and substantial evidence in the record supports the administrative decision. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 14) are **ADOPTED**.

2. Plaintiff's motion for summary judgment (Doc. 11) is **DENIED**.

3. Defendant's request to affirm the administrative decision (Doc. 13) is **GRANTED**.

4. The Clerk of Court is directed to enter judgment in favor Defendant Commissioner of Social Security, against Plaintiff Herlinda Guadalupe Verdugo, and to close this case.

IT IS SO ORDERED.

Dated:   **January 30, 2026**

_____
UNITED STATES DISTRICT JUDGE

3